(97 App. Div. 19.)

## BURKE v. FRENKEL.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. VENUE—MOTIONS TO CHANGE—AFFIDAVIT OF RESIDENCE—SUFFICIENCY.

An affidavit in opposition to a motion for a change of venue, stating that affiant resides at a certain place in the county, does not establish a residence within the county at the time of the commencement of the action, within Code Civ. Proc. § 984, providing for the trial of actions in the county "in which one of the parties resided at the time of the commencement thereof."

2. SAME.

An affidavit for a change of venue stating that at the time when it was verified affiant was a resident of a certain city does not establish residence at the time of the commencement of the action, within Code Civ. Proc. § 984, providing for the trial of actions in the county "in which one of the parties resided at the commencement thereof."

3. SAME—NONRESIDENTS—DESIGNATION OF COUNTY.

Where there is no evidence before the court on motion for change of venue that either of the parties resided in the state at the time of the commencement of the action, the action, under the express provision of Code Civ. Proc. § 984, is triable in the county which plaintiff designates in the title of the complaint.

Appeal from Special Term, Kings County.

Action by Margaret Burke against Louis Frenkel, impleaded with others. From an order denying a motion to change the place of trial, defendant appeals. Affirmed.

See 88 N. Y. Supp. 517.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John Patterson, for appellant.
Frederick W. Sparks, for respondent.

HIRSCHBERG, P. J. The motion was based solely upon the ground that the county of New York was the proper county for the trial of the action, pursuant to section 984 of the Code of Civil Procedure, which provides that such trial must be had in the county in which one of the parties resided at the time of its commencement. The defendant's affidavit alleges that at the time of the occurrence from which the action arose, viz., September 15, 1903, the plaintiff was a resident of Chicago, in the state of Illinois. The action was commenced on January 20, 1904. The plaintiff, in opposition to the motion, submitted her affidavit, verified February 13, 1904, stating that she resides at No. 336 Gates avenue, in the borough of Brooklyn. There was no evidence offered tending to show that she resided in the county of Kings at the time of the commencement of the action, and her affidavit must be deemed insufficient for the purpose of establishing that fact. Radney v. Hutchinson, 50 N. Y. St. Rep. 420, 21 N. Y. Supp. 642. The affidavit of the defendant, however, is equally and similarly defective. It is verified February 19, 1904, and merely alleges that at that time he was a resident of the city of New York. There being no evidence before the court that either of the parties resided in the state at the time of the commencement of the action, the plaintiff might be regarded as entitled to designate any county for the purpose of the trial, under the section of the Code cited, and the order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.